# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

February 12, 1999

Cecil W. Crowson
Appellate Court Clerk

JAMES JUDD,           )
                      )     C.C.A. NO. 01C01-9805-CR-00204
        Appellant,    )
                      )     DAVIDSON COUNTY
VS.                   )
                      )     HON. J. RANDALL WYATT, JR.,
STATE OF TENNESSEE,   )     JUDGE
                      )
        Appellee.     )     (Post-Conviction)

FOR THE APPELLANT:              FOR THE APPELLEE:

DALE QUILLEN                    JOHN KNOX WALKUP
95 White Bridge Rd.             Attorney General & Reporter
Nashville, TN 37205
                                DARYL J. BRAND
                                Asst. Attorney General
                                Cordell Hull Bldg., 2nd Fl.
                                425 Fifth Ave., North
                                Nashville, TN 37243-0493

                                VICTOR S. JOHNSON, III
                                District Attorney General

                                CARRIE DAUGHTREY
                                     -and-
                                KATRIN MILLER
                                Asst. District Attorneys General
                                Washington Square, Suite 500
                                222 Second Ave., South
                                Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

# O P I N I O N

The petitioner pled guilty to assault for which he received an eleven month, twenty-nine day suspended sentence. The petitioner's probation was subsequently revoked for failure to comply with the terms of his probation. The petitioner appealed the probation revocation and filed a post-conviction petition while the appeal was pending in the Davidson County Criminal Court. The appeal and the post-conviction petition were heard together in the Davidson County Criminal Court, where the petitioner's probation revocation was affirmed, and his petition for post-conviction relief was denied. The petitioner now appeals. After a review of the record and applicable law, we affirm the judgment of the lower court.

It is undisputed that the petitioner pled guilty to assault. However, the general sessions judge, Judge Robinson, testified that when the petitioner pled guilty, he believed the petitioner was pleading guilty to Class A misdemeanor assault. He sentenced the petitioner to a suspended eleven month, twenty-nine day term in reliance on this belief.

The petitioner contends that the affidavit with which he was charged only alleges a Class B misdemeanor and therefore any sentence over six months would be void. T.C.A. § 40-35-111(e)(2). However, the affidavit at issue alleges, in the alternative, two Class A misdemeanors and one Class B misdemeanor with facts that would support a conviction on any of the three charges.[1] Therefore, the petitioner could have pled guilty

---

[1] We note that pleadings in a general sessions court are not held to the same standard of strictness and precision as is required of pleadings in a court of record. Stevens v. Moore, 139 S.W.2d 710, 712 (Tenn. Ct. App. 1940).

to either a Class A or Class B misdemeanor.[2]  As such, the petitioner has not proven his conviction to be void or voidable.  Therefore, this contention is without merit.[3]

The petitioner next contends that the fiat ordering him to show cause why his probation should not be revoked is illegal and renders the revocation of his probation void.  However, the petitioner does not deny that he violated his probation.

When a trial judge finds that a probationer has violated the conditions of his or her probation, the trial judge has the authority to revoke probation.  See T.C.A. § 40-35-310.  In determining whether or not to do so, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred.  The existence of a violation need only be supported by a preponderance of the evidence.  T.C.A. § 40-35-311(d).  We will not disturb the judgment of the trial judge in the absence of an abuse of discretion.  For this Court to find an abuse of the trial court's discretion, the defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred."  State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In the petitioner's case, the general sessions court found enough evidence to support a revocation of probation.  However, the petitioner challenges the general sessions court's use of a fiat ordering the petitioner to show cause why his probation should not be revoked.  The petitioner contends that this fiat illegally shifted the burden of proof to the petitioner rather than the State.  However, Judge Robinson testified that

_____

[2] Although the petitioner alleges that Judge Robinson testified that the affidavit charged a mere Class B misdemeanor, Judge Robinson further testified that the affidavit also alleged two Class A misdemeanors.

[3] The petitioner further contends that the affidavit fails to give adequate notice of the charges and therefore violates the "law of the land" provision of our state constitution.  However, as the affidavit clearly sets forth the charges against him, this contention is also without merit.

when a defendant wants a hearing to decide whether or not his probation should be revoked, he will have a hearing and take sworn testimony from the probation officer and sworn testimony from the defense. In the petitioner's case, Judge Robinson found, after hearing the evidence, that the petitioner had violated his probation. As the petitioner has failed to show that this conclusion is not supported by substantial evidence in the record, there was no abuse of discretion. As such, this contention is without merit.

Accordingly, we affirm the petitioner's sentence and probation revocation.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
NORMA McGEE OGLE, Judge

4